## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:18-CV-580-KDB-DSC

| | |
|---|---|
| TRANSWORLD MEDICAL DEVICES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CLEVELAND CLINIC FOUNDATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Stay or Dismiss Under the Federal Arbitration Act" (document #18) and "Motion to Dismiss Pursuant to Federal Rule … 12(b)(6) …" (document #20), both filed December 21, 2018,  Defendant's "Motion to Stay or Dismiss Amended Complaint Under the Federal Arbitration Act" (document #32) and "Motion to Dismiss Amended Complaint Pursuant to Federal Rule … 12(b)(6) …" (document #34), both filed February 8, 2019, and the parties' briefs and exhibits.

On June 18, 2019, these Motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

On January 11, 2019, Plaintiff filed an Amended Complaint (document #27) as a matter of course. <u>See</u> Fed. R. Civ. P. 15(a)(1)(B).  Accordingly, Defendants' Motions that were directed at the original Complaint are moot.  <u>See</u> <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); <u>Turner v. Kight</u>, 192 F. Supp. 2d

1

391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's "Motion to Stay or Dismiss Amended Complaint Under the Federal Arbitration Act" (document #32) be <u>granted</u> and that Defendant's "Motion to Dismiss Amended Complaint Pursuant to Federal Rule … 12(b)(6) …" (document #34) be <u>granted in part</u>, as discussed below.

## I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff is a North Carolina limited liability company that was dissolved by the North Carolina Special Superior Court for Complex Business Cases. <u>See</u> Amended Complaint (document #27) at ¶¶ 1, 50. Plaintiff was co-owned by Charles Richardson and Franz Kellar. Elaine Rudisill was appointed Receiver to wind up Plaintiff and liquidate its assets. <u>Id.</u> at ¶ 50. Defendant is a non-profit corporation organized under the laws of the State of Ohio and maintains its principal place of business in Cleveland, Ohio.

Plaintiff and Defendant are equal shareholders in Cleveland Heart, a Delaware corporation headquartered in Cleveland. Through the Receiver, Plaintiff brings claims on its behalf and derivatively on behalf of Cleveland Heart.

In 2007, the parties formed Cleveland Heart for the purposes of developing and commercializing artificial heart and blood pump assist technology. The parties executed a Shareholder Agreement which was attached to the original Complaint and to the Amended Complaint.

On March 6, 2008, the parties and Cleveland Heart entered into a Technology License

Agreement of intellectual property rights and technology from the parties to Cleveland Heart. The Technology License Agreement also contains a broad Alternative Dispute Resolution provision requiring good faith negotiation, mediation, and ultimately binding arbitration of "any dispute arising out of or relating to this Agreement," with mediation and arbitration to take place in Cleveland under the American Arbitration Association's rules.

On October 29, 2018, Plaintiff filed its Complaint alleging that Defendant had "stolen and is now attempting to control the use of valuable blood pump technology that should instead be made widely available to heart patients around the world." Document #1 at 1. Specifically, Plaintiff alleged that Defendant refused to allow licensed technology to be used in research Cleveland Heart had contracted with Duke University.

Defendant responded with its initial Motions, including seeking to compel arbitration because Plaintiff's claims arose out of or related to the Technology License Agreement.

In its Amended Complaint, Plaintiff references the Technology License Agreement but recasts the original claims as arising from the Shareholder Agreement.

Defendant renewed its Motion to Compel Arbitration. Defendant also filed a Rule 12(b)(6) Motion to Dismiss any claims that are not subject to arbitration. Defendant concedes that Plaintiff's claims for aiding and abetting breach of fiduciary duty and unfair and deceptive trade practices are not subject to arbitration.

Defendant's Motions have been fully briefed and are ripe for disposition.

## II. DISCUSSION

### A.  Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate.  9 U.S.C. § 3.  The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted).  Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted).  The court must compel arbitration if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015).  In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration.  Thus, we may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001) (internal citations omitted).

The court must compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law.  Perry v. Thomas, 482 U.S. 483, 489 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congress' intent to provide for enforcement of arbitration agreements);  Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." <u>United Steelworkers v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574, 582 (1960). <u>See also</u> <u>AT & T Technologies, Inc. v. Communications Workers</u>, 475 U.S. 643, 648 (1986); <u>Johnson v. Circuit City Stores, Inc.</u>, 148 F.3d 373, 377 (4th Cir. 1998); <u>Arrants v. Buck</u>, 130 F.3d 636, 640 (4th Cir. 1997).

The "arising out of or relating to" language in the parties' Technology License Agreement has been interpreted broadly to include all claims, whether in contract or tort, that relate to or touch upon the contract. <u>See</u> <u>American Recovery Corp. v. Computerized Thermal Imaging</u>, 96 F.3d 88, 93 (4th Cir. 1996) (language in agreement to arbitrate any dispute that "arose out of or related to" the agreement is broad and includes all disputes "having a significant relationship to" the agreement, including tort claims).

Applying these principles to the Amended Complaint, Plaintiff's claims for breach of fiduciary duty, constructive fraud, breach of contract, tortious interference and conspiracy arise from or relate to the Technology License Agreement. These claims arose from and relate to the parties' use of the licensed technology, regardless of whether corporate control issues were also involved. Accordingly, they are subject to arbitration pursuant to the parties' agreement to arbitrate.

The court has discretion to dismiss an action where all the issues raised are arbitrable. The more common practice is to stay the action or those claims pending the outcome of arbitration in order to provide a convenient forum for confirmation of any ensuing arbitration award. <u>See</u> 9 U.S.C. § 3 ("a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration....); 9 U.S.C. § 9 ("any party to the arbitration may apply to the

court so specified for an order confirming the award, and thereupon the court must grant such an is order unless the award vacated").  The undersigned respectfully recommends that Defendant's Motion to Compel Arbitration be <u>granted</u> and that this matter be <u>stayed</u> as to those claims.

### B.  <u>Rule 12(b)(6) Motion to Dismiss for Failure to Sate a Claim</u>

#### 1.  <u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard.  First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  <u>Id.</u>  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true).

Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### 2.     Aiding and Abetting Breach of Fiduciary Duty

Neither North Carolina nor Ohio recognize a claim for aiding and abetting a breach of

fiduciary duty. <u>Brown v. Shriver</u>, No. 1:17-cv-280, 2018 U.S. Dist. LEXIS 20915, at *3-4 (S.D. Ohio Feb. 8, 2018); <u>Bell v. Kaplan</u>, No. 14CV352, 2016 U.S. Dist. LEXIS 24408, at *14-15 (W.D.N.C. Feb. 29, 2016) (Mullen, J.). Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss that claim be <u>granted</u>.

### 3. <u>Unfair and Deceptive Trade Practices</u>

N. C. Gen. Stat. § 75 1.1(a) provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." The issue of what constitutes an unfair or deceptive trade practice is a matter of law. <u>See</u> <u>L.C. Williams Oil Company, Inc. v. Exxon Corp.</u>, 625 F.Supp. 477, 482 (M.D.N.C. 1985); <u>Noble v. Hooters of Greenville LLC</u>, 681 S.E.2d 448, 452 (N.C. App. 2009); <u>Boyd v. Drum</u>, 501 S.E.2d 91, 97 (N.C. App. 1998).

To assert an actionable tort claim under the UDTPA, a claimant must prove: (1) an unfair or deceptive act, (2) in or affecting commerce, (3) which proximately caused injury to the claimant or his business. N.C. Gen. Stat. § 75-1.1; <u>Dalton v. Camp</u>, 548 S.E.2d 704, 711 (N.C. 2001). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers ... [and] is deceptive if it has the capacity or tendency to deceive." <u>Marshall v. Miller</u>, 276 S.E.2d 397, 403 (N.C. 1981). <u>See also</u> <u>Rahamankhan Tobacco Enterprises Pvt. Ltd. v. Evans</u>, 989 F.Supp.2d 471, 477 (E.D.N.C. 2013); <u>McDonald Bros. v. Tinder Wholesale, LLC</u>, 395 F. Supp. 2d 255, 269 (M.D.N.C. 2005); <u>Carcano v. JBSS, LLC</u>, 684 S.E.2d 41, 50 (N.C. App. 2009).

To prevail on an unfair and deceptive trade practices claim in the context of a contractual relationship, a party must allege "[e]gregious or aggravating circumstances" in addition to the

underlying breach of contract. <u>Ellis v. Louisiana-Pac. Corp.</u>, 699 F.3d 778, 787 (4th Cir. 2012); <u>Bartolomeo v. S.B. Thomas, Inc.</u>, 889 F.2d 530, 535 (W.D.N.C. 2015)("plaintiff must show substantial aggravating circumstances attending the breach [of contract] to recover under the [UDTPA]"); <u>Marshall</u>, 276 S.E.2d at 403. A mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under the UDTPA. <u>Davis v. State Farm Life Ins. Co.</u>, 163 F.Supp.3d 299, 307-08 (E.D.N.C. 2016).

Moreover, a party's conduct in compliance with the express terms of a contract is not an unfair or deceptive trade practice. <u>See</u> <u>U.S. Dev. Corp. v. Peoples Fed. Savings & Loan Assoc.</u>, 873 F.2d 731, 735 (4th Cir. 1989); <u>McInerney v. Pinehurst Area Realty, Inc.</u>, 590 S.E.2d 313, 317-18 (N.C. App. 2004). There is no unfair or deceptive trade practice where a party to a contract "simply exercised its right" under the contract. <u>Wachovia Bank & Trust Co., N.A. v. Carrington Dev. Assoc., et al.</u>, 459 S.E.2d 17, 21 (N.C. App. 1995).

Applying those principles to the factual allegations here, Plaintiff's unfair and deceptive trade practices claim fails as well. Defendant's decision concerning the licensed technology was not unfair or deceptive within the meaning of the UDTPA. Accordingly, the undersigned respectfully recommends that Plaintiff's claim for unfair and deceptive trade practices be <u>dismissed</u>.

## III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that:

1. Defendant's "Motion to Stay or Dismiss Under the Federal Arbitration Act" (document #18) and "Motion to Dismiss Pursuant to Federal Rule … 12(b)(6) …" (document #20), are administratively **DENIED** as moot without prejudice.

2. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Defendant's "Motion to Dismiss Amended Complaint Pursuant to Federal Rule … 12(b)(6) …" (document #34) be **GRANTED** as to Plaintiff's claims for aiding and abetting breach of fiduciary duty and unfair and deceptive trade practices, N.C. Gen. Stat. § 75-1.1.

2. Defendant's "Motion to Stay or Dismiss Amended Complaint Under the Federal Arbitration Act" (document #32) be **GRANTED** as to Plaintiff's claims for breach of fiduciary duty, constructive fraud, breach of contract, tortious interference and conspiracy and that this matter be **STAYED** as to those claims.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316;

<u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel <u>and to the Honorable Kenneth D. Bell.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: August 8, 2019

David S. Cayer
United States Magistrate Judge