# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:18-cv-580-GCM

| | |
|---|---|
| **TRANSWORLD MEDICAL DEVICES, LLC,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **THE CLEVELAND CLINIC FOUNDATION,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") (Doc. No. 46) issued in this matter. In the M&R, the magistrate judge recommended that the Court **GRANT** Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 34) as to Plaintiff's claims for aiding and abetting breach of fiduciary duty and unfair and deceptive trade practices and **GRANT** Defendant's Motion to Stay or Dismiss Plaintiff's Amended Complaint (Doc. No. 32) as to Plaintiff's claims for breach of fiduciary duty, constructive fraud, breach of contract, tortious interference, and conspiracy by **STAYING** those claims and **COMPELLING** their arbitration. (Doc. No. 46, at 6, 10). The magistrate judge advised the parties of the right to file objections within fourteen days, in accordance with 28 U.S.C. §636(b)(1)(c). (Doc. No. 46, at 10). Plaintiff filed its Objection (Doc. No. 47) on August 22, 2019, and Defendant filed its Reply (Doc. No. 48) on September 5, 2019.

## I. Applicable Standard

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d

198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby v. Davis*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

Plaintiff argues that the magistrate erred when recommending dismissal of Plaintiff's (1) unfair and deceptive trade practices claim and (2) aiding and abetting breach of fiduciary duty claim. (Doc. No. 47, at 1). Plaintiff does not object to the magistrate's recommendation that Plaintiff's other claims be arbitrated.

### A. Unfair and Deceptive Trade Practices

Plaintiff argues that the magistrate's recommendation to dismiss Plaintiff's North Carolina Unfair and Deceptive Practices ("UDTP") claim is in error because "Plaintiff's claims for breach of fiduciary duty, constructive fraud, tortious interference with contract, and tortious interference with prospective economic advantage *were not dismissed*[,] . . . [and] each of those claims independently supports a UDTP claim." (Doc. No. 47, at 6) (emphasis added). While the magistrate did not determine that each of those claims *state a claim* (instead determining that those claims were *arbitrable*), (Doc. No. 46, at 6), Plaintiff's tortious interference with contract claim will—if decided favorably by an arbitrator—support a claim for unfair and deceptive trade practice, *Roane-Barker v. Se. Hosp. Supply Corp.*, 99 N.C. App. 30, 41, 392 S.E.2d 663, 670 (1990) ("Because defendant's acts did amount to tortious interference with contract . . . the court

did not err in finding an unfair or deceptive trace practice."). Because the decision of the arbitrator may support Plaintiff's UDTP claim, the Court declines to dismiss it, and Plaintiff's objection is **SUSTAINED**.

### B. Aiding and Abetting Breach of Fiduciary Duty

Plaintiff objects to the magistrate's recommendation that Plaintiff's aiding and abetting breach of fiduciary duty claim be dismissed because North Carolina does not recognize that cause of action. (Doc. No. 47, at 3). According to Plaintiff, North Carolina law is unsettled as to whether aiding and abetting breach of fiduciary duty is a valid claim and that issue is pending before the North Carolina Supreme Court in *Zloop, Inc. v. Parker Poe Adams & Bernstein, LLP*, No. 17 CVS 5480, 2018 WL 943954, at *16 (N.C. Super. Feb. 16, 2018), *cert. allowed*, 818 S.E.2d 109 (N.C. 2018) (Doc. No. 47, at 3). Thus, Plaintiff requests an opportunity to replead "in the event that the North Carolina Supreme Court finds that such a claim exists." (Doc. No. 47, at 6). However, as Defendant points out, the appeal cited by Plaintiff has been dismissed and is no longer pending. *See Zloop, Inc. v. Parker Poe Adams & Bernstein LLP*, 372 N.C. 700 (2019). Further, North Carolina does not recognize a claim for aiding and abetting breach of fiduciary duty. *Bell v. Kaplan*, No. 14CV352, 2016 U.S. Dist. LEXIS 24408, at *14-15 (W.D.N.C. Feb. 29, 2016) (citing *Tong v. Dunn*, 2012 NCBC 16, 2012 WL 944581 at *4 (N.C. Super. Ct., 2012)). Thus, this objection is **OVERRULED**.

Plaintiff's second objection to the magistrate's recommendation that Plaintiff's aiding and abetting breach of fiduciary duty claim be dismissed is that the magistrate did not consider Plaintiff's argument that he also made that claim under Delaware law. (Doc. No. 47, at 3). In its Motion to Dismiss, Defendant argued that North Carolina law does not recognize claims for aiding

and abetting breach of fiduciary duty.[1] (Doc. No. 35, at 10). Plaintiff responded that it advanced "two independent bases for its claim of aiding and abetting breach of fiduciary duty," one under North Carolina law and the other under Delaware law. (Doc. No. 36, at 12). The magistrate did not address Plaintiff's argument, regarding Delaware law, and recommended dismissal of Plaintiff's aiding and abetting breach of fiduciary duty claims based on North Carolina and Ohio law. (Doc. No. 46, at 7-8). The Court determines—and Defendant concedes—that Plaintiff was correct: aiding and abetting breach of fiduciary duty is a claim under Delaware law. *See RBC Capital Mkts., LLC v. Jervis*, 129 A.3d 816, 862 (Del. 2015); (Doc. No. 45, at 6). Thus, Plaintiff's objection is **SUSTAINED**, and Plaintiff's claim for aiding and abetting breach of fiduciary under Delaware law remains.

### III.  Conclusion

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to dismiss Plaintiff's aiding and abetting breach of fiduciary duty claim based on North Carolina law is **GRANTED**, and Defendant's motion to dismiss Plaintiff's UDTP claim is **DENIED**. Plaintiff's aiding and abetting breach of fiduciary duty claim based on Delaware law claim remains.

Defendant's Motion to Stay under the Federal Arbitration Act is **GRANTED**. The Court **COMPELS** Plaintiff to begin, if it has not already done so, arbitration of its claims for breach of fiduciary duty, constructive fraud, breach of contract, tortious interference and conspiracy within

---

[1] For the first time in its Reply, Defendant also argued that "[w]hile a claim for aiding and abetting a breach of fiduciary duty does exist under Delaware law, [Plaintiff's] factual allegations are insufficient to state such a claim." (Doc. No. 45, at 11). Defendant's initial argument was that the aiding and abetting claim should be dismissed because it was not a claim in North Carolina, and, in response, Plaintiff argued that it was a claim in both North Carolina and Delaware. The Court declines to consider Plaintiff's new argument, unrelated to whether such a claim is recognized by North Carolina and Delaware law, that Plaintiff's factual allegations were insufficient.

**60 DAYS** and hereby **STAYS** those claims until arbitration is complete. Further, the Court **STAYS** Plaintiff's remaining UDTP and aiding and abetting breach of fiduciary duty claims until arbitration is complete.

**SO ORDERED.**

Signed: December 6, 2019

Graham C. Mullen
United States District Judge